IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ronald I. Paul, | ) | C/A No. 3:15-2178-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Paul D. de Holczer, *individually and as a partner of the law Firm of Moses, Koon & Brackett, PC*; | ) | |
| Michael H. Quinn, *individually and as senior lawyer of Quinn Law Firm, LLC*; | ) | |
| J. Charles Ormond, Jr., *individually and as partner of the Law Firm of Holler, Dennis, Corbett, Ormond, Plante & Garner*; | ) | |
| Oscar K. Rucker, *in his individual capacity as Director, Rights of Way South Carolina Department of Transportation*; | ) | |
| Macie M. Gresham, *in her individual capacity as Eastern Region Right of Way Program Manager, South Carolina Department of Transportation*; | ) | |
| Natalie J. Moore, *in her individual capacity as Assistant Chief Counsel, South Carolina Department of Transportation*, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Ronald I. Paul, a self-represented litigant, brings this action alleging a violation of his civil rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

PJG

I.  **Factual and Procedural History**

Plaintiff's claims arise out of the 2002 condemnation of land that he was renting and subsequent litigation. Plaintiff has previously filed three civil actions alleging nearly identical claims against the defendants named in this case, who are attorneys (Paul D. De Holczer, Michael H. Quinn, J. Charles Ormond, Jr.) and employees of the South Carolina Department of Transportation (Oscar K. Rucker, Macie M. Gresham, Natalie J. Moore) involved in the condemnation litigation.[1] See Paul v. South Carolina Dep't of Transp., C/A No. 3:13-1852-CMC-PJG, 2014 WL 5025815 (D.S.C. Oct. 8, 2014) (adopting and incorporating Supplemental Report and Recommendation for summary dismissal of Plaintiff's claims without prejudice) ("Paul III"), aff'd, 599 F. App'x 108 (4th Cir. 2015); Paul v. South Carolina Dep't of Transp., C/A No. 3:13-367-CMC-PJG, 2013 WL 2180736 (D.S.C. May 20, 2013) (adopting and incorporating Report and Recommendation for summary dismissal of Plaintiff's claims without prejudice) ("Paul II"); Paul v. South Carolina Dep't of Transp., C/A No. 3:12-1036-CMC-PJG, 2013 WL 461349 (D.S.C. Feb. 6, 2013) (adopting Report and Recommendation and granting the defendants' motion to dismiss Plaintiff's claims) ("Paul I").

As in Paul III, which essentially repeated allegations raised in Paul I and Paul II, the instant Complaint alleges that Plaintiff: (1) suffered loss in that he was evicted from his rental property without payment of just compensation; (2) was deprived of his constitutional right to due process because state officials and private individuals failed to follow statutorily established and controlled procedural guidelines; and (3) was deprived of his federal and state rights to trial by jury and to have expert witnesses testify in his behalf. (ECF No. 1 at 56-68.) Plaintiff again alleges that the

---

[1] A court may take judicial notice of its own records. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir.1989).



defendants conspired to deprive Plaintiff of the equal protection of the law and asserts that his "commercial lease" property rights render him a "a distinct 'class-based subject' of the Court." (Id. at 59.) Plaintiff also again alleges that a state court judge issued a "discriminatory order of the settlement that documented a class-based, invidiously discriminatory animus" based on Plaintiff's *pro se* status. (Id. at 38-39, 59.) Plaintiff additionally asserts in this Complaint that the alleged discriminatory settlement order was based on Plaintiff's race. (Id.) Plaintiff seeks declaratory judgments and asks this court to award actual, consequential, special, and punitive damages, fees and expenses. (Id. at 55, 78-79.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal,



556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. See Mallard v. United States Dist. Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

**B.     Analysis**

To prevail on any claim pursuant to § 1983, a plaintiff must show:  (1) that he was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law.  See 42 U.S.C. § 1983; see also West v. Atkins, 487 U.S. 42, 48 (1988).  " 'To establish a conspiracy under [42 U.S.C.] § 1983, [a plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in [the] deprivation of a constitutional right.' "  Glassman v. Arlington Cnty., 628 F.3d 140, 150 (4th Cir. 2010) (alterations in original) (quoting Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996)).  The plaintiff "must come



forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Hinkle, 81 F.3d at 421. His factual allegations must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan," and must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. Id. at 421-22. In addition, the United States Supreme Court has held that, to establish a federal conspiracy claim under 42 U.S.C. § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985.) Under both § 1983 and § 1985, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. See Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995).

The instant Complaint provides, almost verbatim, the same factual allegations presented in Plaintiff's Amended Complaint in Paul III.[2]  See Paul v. South Carolina Dep't of Transp., C/A No. 3:13-1852-CMC (D.S.C. Jun. 5, 2014) (docketing Amended Complaint as ECF No. 30). Plaintiff attempts to cure deficiencies in his prior case by referencing the Takings Clause of the Fifth Amendment, and by listing eight alleged instances of conspiracy by the defendants to violate Plaintiff's rights under the Takings Clause and the Due Process Clause of the Fourteenth Amendment. (ECF No. 1 at 55, 68-72.) However, Plaintiff provides no new factual information in these paragraphs, which instead reiterate allegations asserted earlier in the pleading and previously

---

[2] In addition to the section of the Complaint listing, by number, the alleged eight instances of conspiracy, Plaintiff includes the following new paragraphs, with footnotes, to this Complaint. (ECF No. 1 at 38-39, ¶¶ 100-01; id. at 59, ¶¶ 174-75; id. at 67-68, ¶¶ 198-99.) Plaintiff also adds a separate cause of action seeking a declaratory judgment. (Id. at 55, ¶¶ 162-64.) However, Plaintiff also sought declaratory relief in Paul III.



alleged in Plaintiff's prior cases. As in Paul III, the facts presented in the instant Complaint fail to plausibly claim a conspiracy by the defendants to deprive Plaintiff of any constitutional right, and instead reflect only the defendants' attempt to accomplish the goal of acquiring the property leased by Plaintiff for use by the State. The court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006); see also Walker v. Prince George's Cnty., 575 F.3d 426, 431 (4th Cir. 2009). As Plaintiff has again failed to demonstrate that the defendants conspired to violate his right to due process under the Fourteenth Amendment, or conspired to deprive Plaintiff of property in violation of the Fifth Amendment, such claims should be summarily dismissed.

Moreover, Plaintiff also fails to adequately allege facts showing that the defendants have deprived him of equal protection of the laws. A plaintiff alleging a violation of the Equal Protection Clause of the Fourteenth Amendment "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). This Complaint does allege a new allegation of disparate treatment based on Plaintiff's race. (ECF No. 1 at 38-39, ¶¶ 100-01; see also id. at 59, ¶¶ 174-75.) Plaintiff further claims that a subcontractor for the South Carolina Department of Transportation told him in 2005 that "other property owners received 'large payments' from SCDOT," while Plaintiff did not receive such a payment. (Id. at 39 n.28.) However, Plaintiff's Complaint alleges that he leased, but did not own, the property subject to the disputed condemnation proceedings. (Id. at 8.) Thus, despite Plaintiff's addition of race as a motivating factor in his alleged disparate treatment by the defendants, the instant Complaint still

fails to demonstrate that the defendants treated Plaintiff differently from other *similarly situated* individuals.[3] Thus, Plaintiff's equal protection claim has no merit and should be summarily dismissed.

This is now the fourth time Plaintiff has filed essentially the same claims against the defendants named in this case, and "repetitious litigation of virtually identical causes of action" may be dismissed under 28 U.S.C. § 1915 as frivolous or malicious. Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (citation omitted); Cottle v. Bell, No. 00-6367, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) (holding that "district courts are not required to entertain duplicative or redundant lawsuits"). The court notes that Plaintiff is not a prisoner and is not proceeding *in forma pauperis* in this case; therefore, "the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A (2006), permitting *sua sponte* dismissal of complaints which fail to state a claim are inapplicable." Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012). However, the court has the inherent authority to dismiss a fee-paid case if it is deemed frivolous. See Mallard, 490 U.S. at 307-08; see also Chong Su Yi v. Soc. Sec. Admin. 554 F. App'x 247, 248 (4th Cir. 2014) (affirming *sua sponte* dismissal of frivolous claims in a fee-paid *pro se* case pursuant to the inherent authority of the court); Stanfield v. Wigger, C/A No. 2:14-839-PMD, 2015 WL 58077, at *3 (D.S.C. Jan. 5, 2015) (adopting Report and Recommendation for summary dismissal of a fee-paid case filed by a *pro se* litigant) (collecting cases). Therefore, the instant Complaint should be summarily dismissed as a frivolous duplicate

---

[3] Plaintiff's allegation that his holding of a commercial lease and/or *pro se* status renders him a member of a protected class is wholly unsupported. Iqbal, 556 U.S. at 678 (holding that a complaint does not "suffice if it tenders naked assertions[s] devoid of further factual enhancement") (alteration in original) (internal quotation marks and citation omitted). Rather, courts addressing the issue have generally found that *pro se* litigants are not a class subject to protection under the Civil Rights Act. See Roden v. Diah, C/A No. 7:07CV00252, 2008 WL 5334309, at *9 (W.D. Va. Dec. 19, 2008) (collecting cases).

filing in the interest of judicial economy and efficiency.  See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (holding that the court "clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time").

### III.  Conclusion and Recommendation

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process.

                                                                         _____
                                                                         Paige J. Gossett
                                                                         UNITED STATES MAGISTRATE JUDGE

July 6, 2015
Columbia, South Carolina

                *The parties are directed to note the important information in the attached*
                   *"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).