IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ronald I. Paul, | ) | C/A No. 3:15-2178-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER ADOPTING** |
| Paul D. de Holczer, *individually and as a partner of the law Firm of Moses, Koon & Brackett, PC*; | ) | **REPORT AND RECOMMENDATION** |
| Michael H. Quinn, *individually and as senior lawyer of Quinn Law Firm, LLC*; | ) | |
| J. Charles Ormond, Jr., *individually and as partner of the Law Firm of Holler, Dennis, Corbett, Ormond, Plante & Garner*; | ) | |
| Oscar K. Rucker, *in his individual capacity as Director, Rights of Way South Carolina Department of Transportation*; | ) | |
| Macie M. Gresham, *in her individual capacity as Eastern Region Right of Way Program Manager, South Carolina Department of Transportation*; | ) | |
| Natalie J. Moore, *in her individual capacity as Assistant Chief Counsel, South Carolina Department of Transportation*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's objections to the Magistrate Judge's Report and Recommendation ("Report"). ECF No. 14 (Objections); ECF No. 11 (Report). The Report recommends summary dismissal of Plaintiff's Complaint based, in part, on Plaintiff's continued reliance on allegations of due process, equal protection, and other constitutional violations found insufficient in his three earlier actions. *E.g.*, Report at 2-3 (comparing allegations to prior actions), 4-7 (analysis). The Report also addresses new allegations that Plaintiff was subjected to discrimination based on his race and a separate cause of action for declaratory relief. Report at 3, 6-8.

For reasons set forth below, the court overrules Plaintiff's objections and adopts the Report as supplemented here. The court, therefore, dismisses the action without prejudice and without issuance and service of process.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

As explained in the Report, this is the fourth civil action brought in this court by Plaintiff, Ronald I. Paul ("Paul"), challenging events surrounding a 2002 condemnation of commercial property in which Paul held a leasehold.[1] The complaints in the four actions vary in some respects,

---

[1] *See Paul v. South Carolina Dep't of Transp.*, C/A No. 3:13-1852-CMC-PJG, 2014 WL 5025815 (D.S.C. Oct. 8, 2014) (adopting and incorporating Supplemental Report and Recommendation for summary dismissal of Plaintiff's claims without prejudice) ("*Paul III*"), *aff'd*, 599 F. App'x 108 (4th Cir. 2015); *Paul v. South Carolina Dep't of Transp.*, C/A No. 3:13-367-CMC-PJG, 2013 WL 2180736 (D.S.C. May 20, 2013) (adopting and incorporating Report and Recommendation for summary dismissal of Plaintiff's claims without prejudice) ("*Paul II*"); *Paul*

2

generally with each new complaint adding allegations and, in some instances, adding or dropping Defendants.[2] Despite the variations, the central allegations remain the same: that various individuals involved in the condemnation proceedings conspired to deprive Paul of his constitutional rights to due process, equal protection, jury trial, and to present an expert witness, resulting in the taking of Paul's leasehold property without just compensation.

All prior actions were dismissed without prejudice, the first on Defendants' motion and the remainder *sua sponte* prior to service. The most recent dismissal was summarily affirmed by the Fourth Circuit Court of Appeals. *Paul III*, *aff'd,* 599 F. App'x 108.

**Repetitive Allegations and Claims.** In light of this history and the detailed nature of the Reports and corresponding orders in Paul's prior cases, the court overrules Paul's objections to the extent they challenge the Report's failure to set out the reasons for dismissal of repetitive allegations and claims in any greater detail. Paul is correct in noting that the prior dismissals were without prejudice and, consequently, do not preclude him from filing a new action against the previously named Defendants.

That the dismissals were without prejudice does not, however, render them without meaning. The dismissal orders (and incorporated Reports) in *Paul I*, *Paul II*, and *Paul III*, stand as authority for the proposition that the allegations in each of those cases either failed to state a claim or were precluded by an immunity doctrine, or both, for reasons explained in each of those orders (and Reports). It follows that the prior decisions are on-point authority for dismissal of Paul's present

---

*v. South Carolina Dep't of Transp.*, C/A No. 3:12-1036-CMC-PJG, 2013 WL 461349 (D.S.C. Feb. 6, 2013) (adopting Report and Recommendation and granting the defendants' motion to dismiss Plaintiff's claims) ("*Paul I*").

[2] Paul was allowed to file amended complaints in some of his actions.

3

complaint to the extent it merely repeats prior allegations and claims found in his prior complaints. This is particularly true as to *Paul III*, which the Fourth Circuit summarily affirmed "for the reasons stated by the district court." 599 F. App'x 108 (4th Cir. 2015).[3] Under these circumstances, the Report properly relied on prior rulings as to repetitive allegations and claims.

**New Race-Based Allegations**. Paul's new allegations of race-based discrimination fail to cure deficiencies in the complaints in his prior actions for the reasons stated in the Report. As noted in the Report, Paul's claim of racial discrimination rests on allegations that he was told by a subcontractor for the South Carolina Department of Transportation that "other property owners received 'large payments' from SCDOT," while Plaintiff did not receive such a payment. Report at 6 (quoting Complaint at 39). It is, however, clear from the Complaint (in this and Paul's three earlier actions) that Paul was a *leaseholder*, not a property owner. Thus, the Complaint does not

---

[3] As explained in the Report, 28 U.S.C. § 1915 is not directly applicable because Paul is neither a prisoner nor proceeding *in forma pauperis*. Report at 7. The court, nonetheless, has inherent authority to dismiss a fee-paid case for frivolousness. *E.g.*, *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 246, 248 (4th Cir. 2014). As explained in *Chong:*

> Because Yi is neither a prisoner nor proceeding in forma pauperis in district court, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A (2006), permitting sua sponte dismissal of complaints which fail to state a claim are inapplicable. . . . However, frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid. . . . In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.

*Id.* (citations omitted); *see also* 8 Fed. Proc., L. Ed. § 20:405 ("By law, notwithstanding any filing fee, or any portion thereof, which may have been paid, the court will dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious, [footnote omitted] regardless of the plaintiff's inability to pay.")

allege facts that raise a plausible inference of racially disparate treatment because, as a leaseholder, Paul was not similarly situated to "other property owners."[4]

**Declaratory Judgment.** Finally, the court overrules Paul's objection to the recommended dismissal of his "new" declaratory judgment claim. Complaint ¶¶ 162-64. While the Report's discussion of this separate "claim" is minimal, the recommended dismissal is correct.[5]

This cause of action cites 28 U.S.C. §§ 2201 and 2202 as well as Rule 57 of the Federal Rules of Civil Procedure, but does not set out a legal theory supporting declaratory relief. The court, therefore, construes this claim as relying on one of the legal theories advanced in Paul's other claims. So construed, the claim fails for the same reasons as Paul's other claims.

Giving Paul the benefit of the doubt, it is possible that he intends to rely on an unstated contract-based theory. Most critically, Paul's request that Defendants be "prohibited from enforcing the settlement agreement between SCDOT and the Buckles against Paul, because the evidence shows Paul never agree[d] to any settlement" may suggest a contract-based claim. Such a claim would,

---

[4] At several points, the Report refers to Paul's failure to "demonstrate" certain facts or elements necessary to his claims. *E.g.* Report at 2 ("Plaintiff has again failed to demonstrate that the defendants conspired to violate his right to due process"); Report at 2-3 ("despite Plaintiff's addition of race as a motivating factor in his alleged disparate treatment by the defendants, the instant complaint still fails to demonstrate that the defendants treated Plaintiff differently from other *similarly situated* individuals."). Given the context of the underlying discussion, the court reads these statements as referring to Paul's failure to allege facts that would give rise to a plausible inference of the necessary point. So construed, the court agrees with and adopts the Report as to each such statement.

[5] Paul argues that the Report errs in failing to rule on his declaratory judgment claim and asks the court to remand the matter to the Magistrate Judge to address this claim. The Report expressly addresses this claim only in a footnote, acknowledging that the instant Complaint asserts a separate cause of action not found in Paul's complaints in earlier actions. It, nonetheless, notes that Paul "also sought declaratory relief in Paul III." Report at 5 n.2. Ultimately, the Report recommends dismissal of the entire action, which necessarily includes this particular claim.

5

however, be a state-law claim between citizens of the same state. This court would not have independent subject matter jurisdiction over such a claim.

The court, therefore, dismisses the declaratory judgment claim on two alternative grounds. To the extent the claim is founded on legal theories advanced in Paul's other causes of action, it fails to state a claim on which relief may be granted for the same reasons Paul's other causes of action fail to state a claim. No other legal theory is suggested except, possibly, a state-law, contract-based claim over which this court lacks independent jurisdiction. The court declines the exercise of supplemental jurisdiction over this claim in light of the dismissal of all claims over which the court would otherwise have subject matter jurisdiction. *See* 28 U.S.C. § 1367(c).

To the extent Paul raises any other objections, the court finds those objections to be without merit. The court, therefore, adopts the Report as supplemented by this order and dismisses this action without prejudice and without leave to file an amended complaint.

## CONCLUSION

The court adopts the Report as supplemented above and dismisses this action without prejudice and without leave to file an amended complaint in this action. The Clerk of Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 28, 2015